UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------x
In re

Fereydoon Abir and Flora Abir,

          Debtors.
--------------------------------------------------------x
Fereydoon Abir and Flora Abir,

          Plaintiffs,

     - against -

United States of America, Department of
Treasury, and Internal Revenue Service,

          Defendants.
--------------------------------------------------------x

Case No.: 08-70566-478

Chapter 7

Adv. Pro. No.: 08-8321-478

## MEMORANDUM DECISION AND ORDER

*Appearances:*

Phillips, Weiner, Quinn & Artura
*Attorney for Plaintiffs*
By: Richard F. Artura, Esq.
165 South Wellwood Avenue
Lindenhurst, New York 11757

United States Department of Justice
Civil Tax Division
*Attorney for the Defendants*
By: Lisa L. Bellamy, Esq.
Bartholomew Cirenza, Esq.
P.O. Box 55
Ben Franklin Station
Washington, D.C. 20044-0055

Honorable Dorothy T. Eisenberg, United States Bankruptcy Judge

The Debtors commenced this adversary proceeding pursuant to Fed. R. Bankr. P. 7001(6) seeking a determination that their federal income tax obligations to the United States for the 2000, 2001, 2002, 2003 and 2004 tax years are dischargeable.  This Court has jurisdiction over this core proceeding under 28 U.S.C. §§ 1334(b) and 157(b)(2)(A), (B), (I) and (O) and 11 U.S.C. §§507, 523, and 727 and Fed. R. Bankr. P. 7001(6).  The following constitutes the Court's finding of fact and conclusions of law pursuant to Fed. R. Bankr. P. 7052.


<u>FACTS</u>

Fereydoon Abir ("Dr. Abir") has worked as a surgeon in his own medical practice since 1976.  Flora Abir, the co-debtor spouse, has never been employed outside the home since her marriage to Dr. Abir 40 years ago.  The Debtors first filed for chapter 11 relief under the Bankruptcy Code before this Court on March 7, 2006 and that case was subsequently dismissed on November 2, 2006.  On September 12, 2007, Neiman & Mairanz, P.C., the Debtors' attorneys in a state court litigation, filed a chapter 11 involuntary petition in the United States Bankruptcy Court for the Southern District of New York against Dr. Abir with his cooperation (the "Southern District Bankruptcy Case").  The Southern District Bankruptcy Case was dismissed as a bad faith filing on December 20, 2007.  Neiman & Mairanz, P.C. then filed an involuntary chapter 7 petition against the Debtors in this Court on February 4, 2008 (the "Petition Date").  An order of relief was entered by the Court on February 27, 2008 and this case is currently pending.

The Debtors commenced this proceeding on November 20, 2008 for a determination on the dischargeability of their federal tax obligations for the 2000 to 2004 tax years.

1

Federal income tax returns are generally due on or about April 15 of each year for the previous tax year. The Debtors did not timely file their joint federal income tax returns for the 2000 to 2004 tax years and did not pay all the taxes owed for these tax years. On September 3, 2008, the United States Internal Revenue Service (the "IRS") filed an amended proof of claim in this bankruptcy case in the amount of $657,095.62 for unpaid income taxes, interest and penalties assessed for the 2000, 2001, 2002, 2003 and 2004 tax years. The filing dates of the tax returns and the assessment dates are as follows:

| Year of Tax Return | Date Due (including any extensions) | Date Tax Returns Filed | Assessment Date |
|---|---|---|---|
| 2000 | April 16, 2001 | February 21, 2003 | June 27, 2005 |
| 2001 | August 15, 2002 | December 3, 2004 | January 10, 2005 |
| 2002 | April 15, 2003 | April 11, 2005 | April 11, 2005 |
| 2003 | April 15, 2004 | April 11, 2005 | April 11, 2005 |
| 2004 | April 15, 2005 | August 24, 2005 | September 19, 2005 |

On June 28, 2005, the IRS issued the Debtors Collection Due Process Notices of Intent to Levy (the "Notices")for the various tax years at issue. On July 28, 2005, the IRS received appropriate requests for a collection due process hearing for the 2000 to 2003 tax years in response to the Notices. These requests for the collection due process hearing for the 2000 through 2003 tax years were withdrawn by the Debtors on June 28, 2007. For the 2004 tax year, the Debtors filed a request for a collection due process hearing on July 7, 2005 and another on April 12, 2006 but there is no evidence that these requests were withdrawn.

The Debtors argue that their tax obligations for the years at issue should be discharged because the tax returns were due more than three years prior to the Petition Date and that there were no assessments of tax within 240 days of the Petition Date. The IRS argues that the Debtors' requests for a collection due process hearing with the IRS for the 2000 to 2003 tax

years suspended the statute of limitations with regards to collection actions by the IRS for 700

days under 26 U.S.C. §6330(e), plus an additional 90 days provided under 11 U.S.C. § 507(a)(8).

When the 790 day suspension on collection is taken into account, the expiration dates for the

collection statutes for the 2000 to 2003 tax years fall within three years of the Petition Date

under 11 U.S.C. § 507(a)(8)(A)(i).  With respect to the obligation for the 2004 tax year, the IRS

argues that the Debtors' 2004 tax return was due within three years of the Petition Date and thus

excepted from discharge under §507(a)(8)(A)(i).  Alternatively, the IRS argues that the Debtors'

tax obligations at issue should be excepted from discharge under 11 U.S.C. § 524(a)(1)(C)

alleging that the Debtors willfully attempted to evade or defeat their tax obligations.

The Court conducted a trial on September 14, 2009 at which Dr. Abir and Bernard Karoff

of the IRS testified.  The Court admitted into evidence Plaintiff's Exhibit B consisting of the

Debtors' IRS tax transcripts for the 2000 to 2004 tax years.  (Trial Tr. 102:15 - 102:22, Sept. 14,

2009).  The Court directed the parties to submit proposed findings of fact and conclusions of law

by November 9, 2009.  The IRS timely submitted its proposed findings of fact and conclusions

of law and agreed to a 30 day extension of time for the Debtors to submit their proposed findings

of fact and conclusion of law.  The Debtors filed their post-trial findings of fact and conclusions

of law substantially after the 30 day extension consented to by the IRS.

DISCUSSION

Under 11 U.S.C. § 523(a)(1), a discharge under 11 U.S.C. § 727 does not discharge an

individual debtor from any debt (1) for a tax of the kind and for the periods specified in section

507(a)(3) or 507(a)(8) of the Bankruptcy Code, whether or not a claim for such tax was filed or

3

allowed.  11 U.S.C. § 523(a)(1)(A).

Under 11 U.S.C. §523(a)(1)(A) and § 507(a)(8)(A), allowed unsecured claims of

governmental units are excepted from discharge to the extent such claims are for a tax on or

measured by income or gross receipts for a taxable year ending on or before the date of the filing

of the petition:

    (i)     for which a return, if required, is last due, including extensions, after three years before the date of the filing of the petition;

    (ii)    assessed within 240 days before the date of the filing of the petition, exclusive of --

        (I)    any time during which an offer and compromise with respect to that tax was pending or in effect during that 240 day period plus 30 days; and

        (II)   ***any time during which a stay of proceedings against collections was in effect in a prior case under this title during that 240-day period, plus 90 days***.

11 U.S.C. §507(a)(8)(A).

An otherwise applicable time period in this paragraph [507(a)(8)] shall be suspended for any period during which a governmental unit is prohibited under ***applicable nonbankruptcy law from collecting a tax as a result of a request by the debtor for a hearing*** and an appeal of any collection action taken or proposed against the debtor, ***plus 90 days; plus any time during which the stay of proceedings was in effect in a prior case under this title*** or during which collection was precluded by the existence of 1 or more confirmed plans under this title, ***plus 90 days***.

11 U.S.C. § 507(a)(8)(emphasis added).

Section 6330(e) of the United States Internal Revenue Code provides in pertinent part, "if

a hearing is requested under [26 U.S.C. §6330(a)(3)(B)], the levy actions which are the subject

of the requested hearing and the running of any period of limitations under section 6502 (relating

to collection after assessment) … shall be suspended for the period during which hearing, and

appeals therein, are pending."  26 U.S.C. § 6330(e).

The argument by the IRS that the Debtors' tax liability for the 2000 to 2003 tax years is nondischargeable under section 507(a)(8)(A)(i) on the basis that the collection statutes expire within the three-year look-back period from the petition date is incorrect.  Section 507(a)(8)(A)(i) excepts tax claims for which a <u>tax return</u> is last due within the three-year look-back period.  11 U.S.C. § 507(a)(8)(A)(i).  See also *Young v. United States*, 535 U.S. 43, 46 (2002).  It is the date the tax returns are due that controls whether a tax obligation is dischargeable and not whether the collection statute for such taxes expires within the three-year look-back period which determines dischargeability.

However, in spite of the IRS's misapplication of section 507(a)(8)(A)(i), in determining the three-year look-back period from the Petition Date, section 507(a)(8) provides that any applicable time period under this paragraph shall exclude any time during which a stay of collection proceedings was in effect as a result of (a) a prior bankruptcy case filed within such period, or (b) any suspension arising under the Internal Revenue Code as a result of a request by the Debtors for a hearing of any collection action taken or proposed against the debtors, plus 90 days.  11 U.S.C. § 507(a)(8).  *Young v. United States*, 535 U.S. 43 (holding that the three-year look-back period is subject to traditional principles of equitable tolling and is tolled during the pendency of a previous bankruptcy case).  As discussed above, the IRS was stayed from any collection action from July 28, 2005 when requests for a collection due process hearing were filed with the IRS  to June 28, 2007 when the withdrawal of such requests was made, plus the 90 day period following June 28, 2007 to September 26, 2007.  While the Debtors argue that the IRS failed to resolve any issues with respect to the Debtors' tax liability for almost 2 years during the collection due process period, the Court notes that during this period, the Debtors'

first bankruptcy case was filed and was pending for almost 8 months before being dismissed.

Prior to the end of the 90 day period after June 28, 2007, the IRS was again stayed from any collection action for the pre-petition taxes as a result of the Southern District Bankruptcy Case filed against Dr. Abir on September 12, 2007.  Under 11 U.S.C. § 362(a), the filing of a bankruptcy petition, whether a voluntary petition under section 301 or 302, or an involuntary petition under section 303, operates as a stay, applicable to all entities, of any act to collect, assess, or recover a claim against the debtor that arose before the commencement of the bankruptcy case.   11 U.S.C. § 362(a)(6).  Similarly, under 26 U.S.C. § 6503(h),

> [t]he running of the period of limitations provided in section 6501 or 6502 on the making of assessments or collection shall, in a case under title 11 of the United States Code, be suspended for the period during which the Secretary is prohibited by reason of such case from making the assessment or from collection and (1) for assessments, 60 days thereafter; and (2) for collection, 6 months thereafter.

26 U.S.C. § 6503(h).

The IRS was again stayed from any collection action from September 12, 2007 to December 20, 2007, when Dr. Abir's Southern District Bankruptcy Case was dismissed, plus at least another 90 days under 11 U.S.C. §507(a)(8)(A)(ii)(II).  However, less than 90 days after the dismissal of the Southern District Bankruptcy Case, the bankruptcy petition for this present case was filed on February 4, 2008.  As a result of the requests for due process hearing and Dr. Abir's Southern District Bankruptcy Case, the IRS has been continuously stayed from any collection action since July 28, 2005 under either the United States Internal Revenue Code or the Bankruptcy Code.

Accordingly, with respect to Dr. Abir, the three-year look-back period has been continuously tolled since July 28, 2005.  Therefore, the three-year look-back is essentially three

6

years back from July 28, 2002 to July 28, 2005.  As the 2000 to 2004 tax returns were filed within three years of July 28, 2005, Dr. Abir's tax liabilities to the IRS for the 2000 to 2004 tax years are excepted from discharge.

With respect to Mrs. Abir, because she was not a debtor in the Southern District Bankruptcy Case, the toll on IRS collection actions against her was only for the period of July 28, 2005 to September 26, 2007 as the automatic stay in the Southern District Bankruptcy Case did not apply to her.  However, even adjusting the three-year look-back period with respect to July 28, 2005 to account for the period from September 27, 2007 to the Petition Date in which there was no toll with respect to Mrs. Abir, the Debtors' tax returns were filed within the relevant three-year look-back period.

Moreover, with respect to the Debtors' federal income tax liability for the 2004 tax year, the Debtors concede that their 2004 tax return was due within three years of the Petition Date absent any suspension of IRS collection actions.  Accordingly, the Debtors' federal tax liability for the 2000, 2001, 2003 and 2004 tax years are not dischargeable pursuant to 11 U.S.C. 507(a)(8)(A)(i).

In addition, the Court finds that the Debtors' federal income tax liabilities for the 2000 to 2004 tax years are also excepted from discharge pursuant to 11 U.S.C. §507(a)(8)(A)(ii) as the Debtors' income tax liabilities for those years were assessed within 240 days of the Petition Date.  While the Debtors argue there were no assessments by the IRS for the tax years at issue within 240 calendar days of the Petition Date, section 507(a)(8) provides that any time during which a stay of collection proceedings was in effect as a result of (a) a prior bankruptcy case filed within such 240 day period, or (b) any suspension arising under the Internal Revenue Code

as a result of a request by the Debtors for a hearing of any collection action taken or proposed against the debtors with the addition of 90 days, is also excluded from the calculation of the 240 day period.  11 U.S.C. § 507(a)(8).

Here, the IRS made assessments on (1) June 27, 2005 for the 2000 tax year, (2) January 10, 2005 for the 2001 tax year, (3) April 11, 2005 for the 2002 and 2003 tax years, and (4) September 19, 2005 for the 2004 tax year.  As discussed above, the IRS has been continuously stayed from any collection action against Dr. Abir since July 28, 2005.  From the earliest assessment date of January 10, 2005 to July 28, 2005, when the Debtors filed their request for a collection due process hearing, only 199 days had passed. Accordingly, with respect to Dr. Abir the IRS assessments for the 2000 to 2004 tax years are within 240 day look-back period and are non-dischargeable under 11 U.S.C. §§ 523(a)(1) and 507(a)(8)(A)(ii).

With respect to Mrs. Abir, the 240 day look-back period would only exclude the period from July 28, 2005 to September 26, 2007 as she was not a debtor in the Southern District Bankruptcy Case.  Accordingly, the 240 day look-back period for Mrs. Abir would go back to April 10, 2005.  Therefore, Mrs. Abir's federal tax obligations would also be nondischargeable with respect to the 2000, 2002, 2003 and 2004 tax years under 11 U.S.C. §§ 523(a)(1) and 507(a)(8)(A)(ii).  With respect to the 2001 tax year, the Court has already determined that Mrs. Abir's liability is nondischargeable under 11 U.S.C. §§ 523(a)(1) and 507(a)(8)(A)(i).

As the Court has determined the Debtors' tax liability for the 2000 to 2004 tax years to be excepted from discharge, the Court need not make a determination as to whether the Debtors willfully attempted to evade or defeat such taxes so that the tax obligations would also be excepted from  discharge under 11 U.S.C. §523(a)(1)(C).

8

<u>CONCLUSION</u>

Based upon the foregoing, the Debtors' federal income tax liability for the 2000 to 2004 tax years are excepted from discharge under 11 U.S.C. §§ 523(a)(1), 507(a)(8)(A)(i) and/or 507(a)(8)(A)(ii). The Debtors' request for a determination that their federal income tax liabilities for the 2000 to 2004 tax years are discharged is hereby denied.

So ordered.



**Dated: Central Islip, New York**
       **February 1, 2010**

**Dorothy Eisenberg**
**United States Bankruptcy Judge**